IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HAKEEM MARQUIZS HENRY                                                                              PLAINTIFF

v.                                        Civil No.   1:24-cv-01012-BAB

SHERIFF RICKY ROBERTS; NURSE
CASEY SANFORD; DR. DEANNA                                                                       DEFENDANTS
HOPSON

## ORDER AND MEMORANDUM OPINION

Plaintiff, Hakeem Marquizs Henry filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Defendants' Motion for Summary Judgment on the limited issue of exhaustion. (ECF No. 32). Plaintiff responded. (ECF Nos. 38, 43, 44). This matter is now ripe for consideration.[1]

## I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Division of Corrections Wrightsville Unit, but his claims involve his incarceration in the Union County Detention Center ("UCDC"), in El Dorado, Arkansas. Plaintiff was a pretrial detainee during the relevant times in this case.

In his Complaint, Plaintiff names Sheriff Ricky Roberts, Nurse Casey Sanford, and Doctor Deanna Hopson as Defendants. (ECF No. 1). Plaintiff makes three claims in his Complaint, but

---

[1] On June 28, 2024, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 36).

1

Plaintiff's Claims Two and Three center solely on his medical care and are alleged only against medical Defendants Sanford and Hopson. (ECF No. 1). Defendants Sanford and Hopson have not moved for summary judgment on the issue of exhaustion here. Accordingly, the Court need not address Plaintiff's Claims Two and Three herein.

In his Claim One, Plaintiff alleges Defendant Roberts violated his constitutional rights through the conditions of confinement at the UCDC on September 21, 2023. (ECF No. 1, p. 4). Specifically, Plaintiff asserts:

> On September 21, 2023 A brawl broke out In A-Pod In the day room on camera and I got attacked by four Federal Inmates. As I tried to break up tyre wade and Joseph Lowe Fighting. Inmate Hendrick Johnson, Antonio Johnson, and Nyterious Sharp attacked me from behind. I was hit with fists and a broom stick repeatedly. I Feared For my life cause I was told not to say anything that happen. I remained In A-Pod with Swelling and bruises. Rickey Roberts is Personally Involved because he fail to maintain a Secure Detention Center and Violated Federal Policy.

(ECF No. 1, pp. 4-5) (errors in original). Plaintiff asserts this Claim One against Defendant Roberts in is individual and official capacity. For his official capacity claim, Plaintiff asserts that federal and state inmate are not allowed to be housed together under federal law and Defendant Roberts violated this law. *Id.* at 5.

In Defendants' Motion and supporting documents, they argue Plaintiff wholly failed to grieve the incident complained of in his Claim One—the brawl on September 21, 2023. (ECF Nos. 32-34). Plaintiff filed many grievances and inmate requests during his time at the UCDC, but none on this particular incident. (ECF Nos. 34-1, p. 2; 34-3, pp. 1-18). Accordingly, Defendants move for the dismissal of Claim One and Defendant Roberts pursuant to the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). *Id.*

In Plaintiff's Response he admits he did not file a grievance on the incident complained of in Claim One. (ECF No. 43). However, Plaintiff argues he did not file a grievance on this matter

because he was afraid for his life regarding the incident. Plaintiff goes on to argue because he was afraid to file a grievance on the matter, the grievance procedure was unavailable to him. *Id.* Accordingly, Plaintiff asserts he should be excused from the PLRA exhaustion requirements related to Claim One and Defendant Roberts. *Id*.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Under § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official

3

capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

### III.  DISCUSSION

The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a) (held unconstitutional on other grounds). Exhaustion is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court explained that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The *Jones* Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system

to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

In the Eighth Circuit, exhaustion is an affirmative defense, and the defendant has the burden of pleading and proving the failure to exhaust. *See Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir.2005). Here, Defendant Roberts has met his burden by producing sworn affidavits, the UCDC Grievance Procedure, and Plaintiff's grievance file from the UCDC showing Plaintiff did not file a grievance regarding the September 21, 2023 incident. (ECF Nos. 34-1; 34-3, 34-4).

Plaintiff did not dispute the evidence produced by Defendant Roberts. Accordingly, the UCDC Grievance Procedure, and the fact that Plaintiff did not exhaust it regarding his Claim One are undisputed here. Instead, Plaintiff claims the UCDC grievance procedure was unavailable to him. Plaintiff is correct that he is only required to exhaust those administrative remedies which are "available" to him. *See Ross v. Blake*, 578 U.S. 632, 639 (2016). In *Ross,* the Supreme Court enumerated three instances where plaintiffs are excused from exhaustion of administrative remedies as "unavailable" pursuant to the PLRA: (1) when the procedure operates as a "dead end" because the officers are unable or unwilling to provide relief to the inmate; (2) the grievance procedure is so opaque as to become "incapable of use;" and (3) when prison officials prevent a prisoner from utilizing the procedure through "machination, misrepresentation, or intimidation." *Id.* at 643-44.

Plaintiff, however, has failed to show he is entitled to any exception to exhaustion under the PLRA. First, Plaintiff has failed to submit any summary judgment evidence in support of his Response. Plaintiff's Response, titled Memorandum of Law, contains the allegation that Plaintiff failed to file a grievance on this issue based on his fear. (ECF No. 43). This document is not sworn under penalty of perjury and does not attest to the truth or correctness of the statements

within. *Id.* The Court cannot use Plaintiff's unsworn arguments to create issue of fact on summary judgment.

Federal Rule of Civil Procedure 56 governs Motions for Summary Judgment. While Rule 56 does not require a formal affidavit to submit testimony as evidence, any unsworn declarations or statements submitted at summary judgment must still satisfy statutory requirements. *See Banks v. John Deere & Co.*, 829 F.3d 661, 668 (8th Cir. 2016). Pursuant to 28 U.S.C. § 1746, an unsworn declaration or statement must be written, signed, dated, and certified as true and correct "under penalty of perjury." The Eighth Circuit, while allowing *pro se* pleadings to be construed liberally, does not allow a free pass on procedural requirements in this instance. *See, e.g., Risdal v. Nixon*, 589 Fed.Appx.801, 803 (8th Cir. 2014) (finding the district court erred in considering the plaintiff's unsworn statements in denying the defendant's motion for summary judgment).

Additionally, Plaintiff was advised of these rules and requirements prior to filing his Response. Specifically, the Court explained in its Order directing Plaintiff respond to Defendant's Robert's Motion for Summary Judgment:

> To oppose a Motion for Summary Judgment you may not simply rely on the allegations in your Complaint. You must submit evidence, such as records, affidavits, or other documents, opposing the facts asserted by the defendants and setting out specific facts to support you exhausted your claims prior to filing this lawsuit.
>
> Any written statements must in the form of affidavits. An affidavit is a sworn statement based on personal knowledge setting forth facts relevant to your claims. An affidavit must be either: (a) sworn and subscribed to by a notary public of (b) signed under penalty of perjury. You may submit your own affidavit and the affidavit of others.

(ECF No. 35). Accordingly, the Court is unable to consider Plaintiff's factual assertions made in his unsworn Response to create an issue of fact here.

Furthermore, even if the Court could consider Plaintiff's allegations of fear, he has failed to allege conduct on the part of any UCDC official or employee amounting to machination,

misrepresentation, or intimidation which rendered the USCD grievance procedure unavailable to him. *See Ross,* 578 U.S. at 644. Plaintiff merely alleges he feared other inmates and jail staff, and that he was told not to say anything. He did not clarify if it was other inmates or jail staff which told him to remain silent. He also did not allege any action on the part of jail staff to cause that fear or to intimidate him in a way that prevented filing a grievance regarding the September 21, 2023 incident. (ECF No. 43, p. 2).

Finally, Plaintiff had no fear in filing grievances and medical requests related to his subsequent fight with federal inmates two months later. Based on the record, it appears the December altercation—complained of in Claim 2—involved federal inmates in A-Pod just as the September 21, 2023 incident. Plaintiff filed medical request and grievance on this issue. (ECF No. 34-3, p. 8).

Accordingly, the Court finds it is undisputed Plaintiff failed to exhaust his administrative remedies under the UCDC Grievance Procedure regarding Claim One against Defendant Roberts, and his Claim One against Defendant Roberts must be dismissed pursuant to Section 1997e(a) of the PLRA.

### IV. CONCLUSION

For the reasons stated above, I recommend Defendant Roberts' Motion for Summary Judgment (ECF No. 32) be **GRANTED** and Defendant Roberts be dismissed from this matter **WITHOUT PREJUDICE**.

**IT IS HEREBY ORDERED** this 19th day of November 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE